## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JERIC ALLEN,
    Appellant,

   v.

DEPARTMENT OF VETERANS
  AFFAIRS,
    Agency.

DOCKET NUMBER
DC-0714-21-0128-I-1

DATE: May 8, 2024

## THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jeric Allen</u>, Durham, North Carolina, pro se.

<u>Winnie Jordan Reeves</u>, Winston-Salem, North Carolina, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his removal appeal for failure to prosecute. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was removed from the position of Food Service Worker, WG-3, effective November 13, 2019, under the authority of 38 U.S.C. § 714, the Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, based on three charges. He filed a formal equal employment opportunity (EEO) complaint alleging that his removal was in retaliation for his prior EEO activity, and the agency issued a final agency decision finding that the appellant had failed to prove his claim. Initial Appeal File (IAF), Tab 7-15. The appellant then filed this mixed case appeal. IAF, Tab 1.

On January 28, 2021, the parties held a telephonic status conference and agreed upon extending the discovery deadlines. IAF, Tab 12 at 3. The administrative judge set a deadline for prehearing submissions of April 5, 2021, and scheduled a prehearing conference for April 9, 2021.[2] *Id.* The appellant additionally raised an affirmative defense of disability discrimination, and the administrative judge ordered him to submit supporting evidence by March 26, 2021. IAF, Tab 13 at 8. The appellant did not respond to the affirmative defense order.

On March 29, 2021, the administrative judge scheduled a hearing date and ordered the parties to participate in a test of the video conference system. IAF, Tab 15 at 1, 3.[3] The parties were ordered to contact the administrative judge's paralegal to schedule a time to conduct the test at least 1 week before the scheduled hearing on April 13, 2021. *Id.* at 3. The appellant failed to contact the paralegal or respond to her phone calls and emails regarding the test conference. IAF, Tab 17 at 2. Moreover, the appellant failed to submit prehearing submissions, which were due by April 5, or appear for the prehearing conference

---

[2] The administrative judge originally scheduled the prehearing conference for April 7 but subsequently rescheduled it for April 9, 2021. IAF, Tab 14 at 1.

[3] Although the deadline to respond to the affirmative defense order had passed, the administrative judge made no mention of the missed deadline in this order. IAF, Tab 15 at 1-3.

scheduled for April 9, 2021. *Id.* at 1-2. As such, the administrative judge ordered the appellant to show cause as to why the appeal should not be dismissed for failure to prosecute. *Id.* at 1-3. The appellant similarly failed to respond to this order.

The administrative judge subsequently issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 18, Initial Decision (ID) at 1. Specifically, the administrative judge found that the appellant failed to file prehearing submissions, participate in the prehearing conference, respond to the affirmative defense order, participate in the video conference testing, or respond to the final show cause order regarding sanctions. ID at 3-4.

The appellant has filed a petition for review alleging that he was hospitalized and incapacitated from April 4 through April 12, 2021. Petition for Review (PFR) File, Tab 1 at 4, 6. He provided medical documentation supporting his hospitalization. PFR File, Tab 1 at 6, Tab 5 at 5. The agency has responded to his petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

Dismissal for failure to prosecute is an extreme sanction that may be imposed if a party fails to prosecute or defend an appeal. *Chandler v. Department of the Navy*, 87 M.S.P.R. 369, ¶ 6 (2000). The imposition of such a severe sanction, however, must be used only when necessary to serve the ends of justice, such as when a party has failed to exercise basic due diligence in complying with an order or has exhibited negligence or bad faith in his efforts to comply. *Id.* The severe sanction of dismissal with prejudice for failure to prosecute an appeal should not be imposed when a pro se appellant has made incomplete responses to the Board's orders but has not exhibited bad faith or evidenced any intent to abandon his appeal, and appears confused by Board procedures. *Id.* Furthermore, the failure to obey a single order does not ordinarily justify dismissal for failure to prosecute. *Id.*

The administrative judge found that the appellant failed to file prehearing submissions, participate in the prehearing conference, respond to the affirmative defense order, participate in the video conference testing, or respond to the final show cause order regarding sanctions. ID at 3-4. However, the appellant's evidence demonstrates that he was unexpectedly hospitalized from April 4-12, 2021, which period included the deadline for the prehearing submissions and the date of the prehearing conference. IAF, Tab 12 at 3; PFR File, Tab 1 at 6. The appellant's hospitalization began prior to and continued through the deadline for contacting the administrative judge's paralegal to test the video conference system. IAF, Tab 15 at 3; PFR File, Tab 1 at 6. Although the paralegal attempted to contact the appellant via phone and email, it is unclear when these attempted contacts occurred or whether the appellant was already hospitalized at that time. IAF, Tab 17 at 2. Thus, we find that the appellant was hospitalized on the occasions he failed to prosecute his appeal, except regarding his failure to respond to the affirmative defense order and the final order to show cause. IAF, Tab 13 at 8, Tab 17 at 2; PFR File, Tab 1 at 6.

Under the circumstances of this appeal, we find that the sanction of dismissal for failure to prosecute is not warranted. The Board has found that an appellant's medical treatment can represent good cause for a failure to comply with an administrative judge's orders. *Monley v. U.S. Postal Service*, 74 M.S.P.R. 27, 29-30 (1997); *see also Reynolds v. Department of Transportation*, 17 M.S.P.R. 564, 566 (1983) (reversing a dismissal for failure to prosecute when the appellant missed the hearing due to medical reasons). Moreover, the Board has found dismissal for failure to prosecute to be inappropriate when, although the appellant failed to respond to some orders and missed a prehearing conference, he nonetheless participated in an earlier status conference and responded to other orders, and his conduct, although unresponsive and incomplete, did not exhibit bad faith or evidence an intent to abandon the appeal. *Wiggins v. Department of the Air Force*, 113 M.S.P.R. 443, ¶¶ 12-14

(2010). The appellant here responded to a timeliness show cause order, participated in an earlier status conference, and provided responses to the agency's discovery requests. IAF, Tab 7, Tab 12 at 1, Tab 16 at 12-23. We therefore find that the appellant's unresponsiveness to the two orders, in light of his prior participation in the appeal and subsequent hospitalization, does not evidence bad faith or an intent to abandon his appeal. *See Wiggins*, 113 M.S.P.R. 443, ¶¶ 12-14.

Further bolstering this finding is the appellant's medical evidence, which suggests that his hospitalization stemmed from an altered mental status. PFR File, Tab 5 at 5.[4] Moreover, the appellant's hospital discharge summary recommends multiple follow-up visits for continued treatment. PFR File, Tab 1 at 6. As such, the record suggests that the appellant may have suffered from various health effects leading up to and following his hospitalization. Given that the deadline to respond to the affirmative defense order fell just 9 days before his hospitalization, and the deadline to respond to the final show cause order was 1 week after his discharge, we find that the appellant's failure to respond to these two orders did not represent an intent to abandon his appeal. *See Wiggins*, 113 M.S.P.R. 443, ¶¶ 13-14 (reversing a dismissal for failure to prosecute when the appellant failed to obey two orders from the administrative judge).

In remanding this appeal, we note that appellants are expected to comply with all orders issued by the Board's administrative judges. *Id.*, ¶ 15. Accordingly, on remand, the appellant must be more diligent in complying with the administrative judge's orders and in pursuing his appeal to avoid the imposition of sanctions necessary to serve the ends of justice. *Id.* The

---

[4] These documents, which predate the issuance of the initial decision, were submitted as part of a reply to the agency's response to the petition for review. As such, they were untimely by 2 days. PFR File, Tab 2 at 1, Tabs 3, 7; *see* 5 C.F.R. §§ 1201.23, 1201.114(e). The agency has not objected to these documents or claimed any prejudice. In these circumstances, given what the records indicate regarding the appellant's medical conditions and mental state, we exercise our discretion to consider them. *See* 5 C.F.R. § 1201.114(g).

administrative judge on remand should provide the appellant with an opportunity to explain his failure to respond to the affirmative defense order, which was due prior to the appellant's hospitalization. Should the appellant fail to justify this specific failure to respond, the administrative judge may impose various sanctions, if any, as appropriate. *See Simon v. Department of Commerce*, 111 M.S.P.R. 381, ¶ 14 (2009) (discussing various sanctions appropriate for an appellant's failure to respond to an affirmative defense order); 5 C.F.R. § 1201.43.

Finally, the appellant has filed a motion to stay the proceedings until he has recovered. PFR File, Tab 5 at 1. Given the passage of time and the ill-defined recovery period, and the fact that we are remanding this appeal, we decline to rule on this motion. On remand, the administrative judge should gather more information as necessary and rule on the motion.

## ORDER

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD: _____
Gina K. Grippando
Clerk of the Board

Washington, D.C.